**Qiu E. WANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 03–40077–AG.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2005.

Sunit K. Joshi, Joshi & Associates, P.C., New York, NY, for Petitioner.

Sean Cenawood, United States Attorney's Office for the Southern District of New York, New York, NY, for Respondent.

PRESENT: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

Petitioner Qiu E. Wang ("Wang") petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering her removal to China and denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

We review an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). In order to be eligible for asylum, an applicant must credibly show that he is a refugee by "establishing that he is unable or unwilling to return to [his home country] because he experienced past persecution or has a well-founded fear of persecution on account of" one of five enumerated grounds: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see Liao v. United States Dep't of Justice*, 293 F.3d 61, 66 (2d Cir.2002).

The IJ's decision to deny Wang relief was based on substantial evidence. Specifically, the finding that she had failed to offer credible evidence in support of her persecution claim. Although Wang challenges this finding, we accord it "particular deference," *Zhang v. United States INS*, 386 F.3d 66, 73 (2d Cir.2004). On the record in this case we cannot conclude

"that a reasonable adjudicator would be compelled to conclude to the contrary." *Id.; see* 8 U.S.C. § 1252(b)(4)(B).

In sum, Wang failed to identify any "reliable, specific objective supporting evidence" that she will face persecution upon return to China or that she was subject to past persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Because she failed to establish entitlement to asylum, her claim for withholding of removal necessarily fails. *See id.* Furthermore, Wang's CAT claim fails because she offered no evidence that she would more likely than not be tortured when she returns to China. *See Wang v. Ashcroft,* 320 F.3d 130, 143 (2d Cir.2003) (citing 8 C.F.R. § 208.16).

For these reasons, the petition for review is DENIED, and the outstanding motion for stay of deportation is DENIED.